**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

---

**WISCONSIN SHEET METAL WORKERS HEALTH AND BENEFIT FUND, MILWAUKEE AREA SHEET METAL JOURNEYMEN AND APPRENTICESHIP TRAINING FUND, and MICHAEL J. MOONEY (in his capacity as Trustee),**

**Plaintiffs,**

**v.** **Case No. 19-cv-291**

**RICK BREAULT d/b/a BREAULT HEATING & COOLING,**

**Defendant.**

---

**COMPLAINT**

---

**NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Philip E. Thompson, and as and for a cause of action against the Defendant, allege and show to the court the following:

**Jurisdiction and Venue**

1. Jurisdiction of this Court upon Rick Breault, d/b/a as Breault Heating & Cooling is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132), in that the Plaintiffs are aggrieved by said Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and said Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), and the terms and provisions of the employee benefit plans.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that Defendant operates in Green County, Wisconsin.

**Parties**

3. Plaintiffs Wisconsin Sheet Metal Workers Health and Benefit Fund and Milwaukee Area Sheet Metal Journeymen and Apprenticeship Training Fund are employee benefit plans within the meaning of ERISA Sections 3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3) and (37), 1132 and 1145), and bring this action on behalf of the Trustees, participants, and beneficiaries of said Plans. Said Plans maintain offices at 2201 Springdale Road, Waukesha, Wisconsin, 53186.

4. Plaintiff Michael T. Mooney is a trustee and fiduciary of the Wisconsin Laborers' Health Fund and as such has standing to be a plaintiff in this action. Mr. Mooney maintains an office at 2201 Springdale Road, Waukesha, Wisconsin, 53186.

5. Rick Breault, d/b/a Breault Heating & Cooling is a sole proprietorship engaged in business with its principal office located at 2146 15th Avenue, Monroe, Wisconsin 53566. Its registered agent for service of process is Rick Breault, 2146 15th Avenue, Monroe, Wisconsin 53566.

**Facts**

6. Rick Breault d/b/a Breault Heating & Cooling ("Breault") is an employer and party in interest in an industry affecting commerce within the meaning of ERISA Sections 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)).

7. For all times relevant, Breault was a party to and agreed to abide by the terms of one or more collective bargaining agreements ("Labor Agreements") between

the Sheet Metal Air, Rail and Transportation Workers, Local 18 (SMART) Union (hereinafter referred to as "Union").

8. The Union represents, for purposes of collective bargaining, certain Breault employees and employees of other employers in industries affecting interstate commerce within the meaning of Labor Management Relations Act ("LMRA") Sections 2(5), 9(a) and 301(a) (29 U.S.C. § 151, et seq.).

9. The Labor Agreements described herein contain provisions whereby Breault agreed to make timely payments to the Plaintiffs' trust funds for each employee covered by said Labor Agreements.

10. By execution of said Labor Agreements, Breault adopted the trust agreements and amendments thereof which establish and govern the Plaintiffs and are necessary for their administration and designated as its representatives on the Board of Trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, thereby ratifying all actions already taken or to be taken within the scope of their authority.

11. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements and the rules and regulations heretofore and hereafter adopted by the trustees of said Funds, Breault has agreed as follows:

a. to file monthly reports and make timely and prompt contributions to the Plaintiffs for each employee covered by the aforementioned Labor Agreements;

b. to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

c. to adopt and abide by all of the rules and regulations adopted by the trustees of the employee benefit plans pursuant to the trust agreements;

d. to adopt and abide by all of the actions of the trustees in administering the employee benefit plans in accordance with the trust agreements and the rules so adopted;

e. to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions;

f. to pay, in addition to delinquent contributions, interest, and liquidated damages, actual attorney's fees, audit fees, court costs, and service fees, should legal action be necessary to obtain delinquent contributions, interest, and liquidated damages; and

g. to provide access to all books and records necessary to perform regular audits of Breault's contributions to Plaintiff funds.

12. Breault has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to:

a. making regular and timely payments to the Plaintiff Funds; and

b. refusing to allow Plaintiffs' auditor access to books and records necessary to perform an audit billing.

13. ERISA § 502(g) (2), as amended by the MPPAA, provides:

> (2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of --
>
> (i) interest on the unpaid contributions, or
>
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of this action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

14. ERISA § 515 provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

15. Despite demands that Breault perform its statutory and contractual obligations, the Plaintiffs have ascertained that said Defendant has failed, neglected, omitted, and refused to make its required payments. Breault is now indebted to the Plaintiffs as follows:

Unaudited period June 1, 2016 through the November 30, 2018:

| | |
|---|---|
| Wisconsin Sheet Metal Workers Health and Benefit Fund | Unknown |
| Milwaukee Area Sheet Metal Journeymen and Apprenticeship Training Fund | Unknown |

16. Despite demand from the Plaintiff Funds' auditor, Breault has denied the Plaintiff Funds' auditor access to books and records needed to compile an audit for the period June 1, 2016 through November 30, 2018.

**Claim One - Against Defendant Rick Breault d/b/a Breault Heating & Cooling for Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)**

17. As and for a claim for relief against Defendant Rick Breault d/b/a Breault Heating & Cooling, the Plaintiff Funds reallege each and every allegation contained in paragraphs 1 through 16 above and incorporate the same as though fully set forth herein word for word.

18. Due demand has been made by the Plaintiff Funds upon Breault for payment of all sums due and owing, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

19. Because, as the Plaintiff Funds are informed and believe, Breault has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of the Funds' trust funds is reduced, the Funds' income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and the Funds' employee benefit plans have been violated, and the Funds are entitled to all of the remedies provided by ERISA.

20. Because Breault has failed to make timely and prompt contributions, some of the Funds' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and

irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, Plaintiffs demand the following relief:

1. Judgment on behalf of the Funds and against Breault

   A. For unpaid contributions, interest, and liquidated damages owed to the Fund for the audit period June 1, 2016 through November 30, 2018;

   B. For unpaid contributions, interest, and liquidated damages owed to the Fund becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

   C. Actual attorney fees and the costs of this action.

2. An order requiring Breault to serve on the Plaintiffs' counsel, within ten (10) days of the date of said order, a list of Breault accounts receivable. With respect to each account receivable, Breault shall itemize:

   A. The amount of each account receivable.

   B. The period of time during which such receivable accrued.

   C. The location of the premises upon which the work was performed.

   D. The nature of the improvement involved for which the account receivable is due.

   E. The present outstanding amount of wages and fringe benefits still owed for labor on the improvement (itemized by individual and by month on each project or improvement separately).

3. An order directing Breault to fully submit to an audit of the company's books and records by the Funds' designated representative for the period June 1, 2016 through November 30, 2018.

4. The Court should retain jurisdiction pending compliance with its order.

5. For such other, further or different relief as the Court deems just and proper.

Dated this 16th day of April, 2019.

s/Philip E. Thompson
Philip E. Thompson (SBN:1099139)
The Previant Law Firm, S.C.
310 West Wisconsin Avenue, Suite 100 MW
Milwaukee, WI 53203
414-203-0514 (Telephone)
414-271-6308 (Fax)
Email: pet@previant.com
Attorneys for the Plaintiffs